1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5

6

7   INTERNATIONAL BUSINESS
    MACHINES CORPORATION,

                        Plaintiff,                    C20-851 TSZ

8         v.

9   ZILLOW GROUP, INC.; and ZILLOW,
    INC.,

10                      Defendants.

11  INTERNATIONAL BUSINESS
    MACHINES CORPORATION,

12                      Plaintiff,                    C20-1130 TSZ

13        v.

14  ZILLOW GROUP, INC.; and ZILLOW,      MINUTE ORDER
    INC.,

15                      Defendants.

16        A video conference was conducted on July 23, 2020, during which Karim
    Oussayef and Brian Matty appeared on behalf of plaintiff International Business
17  Machines Corporation ("IBM"), and Ian Crosby and Katherine Peaslee appeared on
    behalf of defendants Zillow Group, Inc. and Zillow, Inc. (collectively, "Zillow").
18  Having considered the Joint Status Report filed on July 17, 2020, docket no. 118 in
    C20-851, and the remarks of counsel during the video conference, the Court now enters
19  the following Minute Order. **To the extent that, during the video conference, the
    Court indicated something contrary to what is set forth below, this Minute Order**
20  **controls.**

21        (1)    In light of Zillow's Amended Answer and Counterclaims, docket no. 121 in
    C20-851, IBM's motion to dismiss, docket no. 117 in C20-851, is STRICKEN without
22  prejudice as moot.

23

MINUTE ORDER - 1

(2)     On or before August 6, 2020, counsel shall meet and confer and file a stipulated protective order in both cases.  The stipulated protective order may be captioned in the same manner as this Minute Order.

(3)     By Minute Order entered June 17, 2020, the Court directed the parties to address in their Joint Status Report "whether any dispute remains concerning the disclosure of invalidity and infringement contentions *from prior litigation* pursuant to Federal Rule of Civil Procedure 26(a)(1) or otherwise."  Minute Order at ¶ 4(e) (docket no. 116 in C20-851) (emphasis added).  During the video conference, counsel advised that the relevant documents from prior litigation have already been produced and that no discovery dispute exists with respect to materials from prior litigation.  The parties had, however, raised other issues in response to Paragraph 4(e) of the prior Minute Order, docket no. 116 in C20-851, namely, the sufficiency of Zillow's invalidity contentions, the deadline for Zillow's non-infringement contentions, and the sufficiency of IBM's recently amended infringement contentions.  To the extent these subjects were not addressed during the video conference (*see* Paragraph 4, below), the parties may file, on or before August 6, 2020, briefs not to exceed ten (10) pages in length per side.

(4)     On or before August 20, 2020, Zillow shall serve, in Case No. C20-851, amended invalidity contentions and non-infringement contentions that are consistent with Local Patent Rule 121.

(5)     On or before August 20, 2020, counsel shall meet and confer and file a Joint Status Report (in both cases, captioned in the same manner as this Minute Order) addressing the following matters:

(a)     **Bifurcation**:  Having reviewed IBM's Disclosure of Asserted Claims and Infringement Contentions, Ex. Z to Peaslee Decl. (docket no. 80-28 in C20-851), and related materials, the Court's understanding of the patents each Zillow system is accused of infringing in Case No. C20-851 is reflected in the following chart:

|  | '849 Patent Filepp | '443 Patent Emens | '389 Patent Redpath | '346 Patent Hinton | '904 Patent Black | '789 Patent Garrett | '183 Patent Haas |
|---|---|---|---|---|---|---|---|
| Zillow Group Media |  |  | X |  |  | X | X |
| Zillow Mobile Apps | X | X | X | X | X | X | X |
| Zillow Offers |  |  | X |  |  | X | X |
| Zillow Premier Agent | X |  |  |  |  |  | X |
| Zillow Promoted Communities |  |  | X |  |  | X | X |
| Zillow Website | X | X | X | X | X | X | X |

The Court observes that only one patent, the '183 Patent, is alleged to be infringed by all six Zillow systems. Three of the systems (Zillow Group Media, Zillow Offers, and Zillow Promoted Communities) are accused of infringing only three of the seven patents-in-suit, namely the '389, '789, and '183 Patents. Zillow Premier Agent is accused of infringing only two of the patents-in-suit, namely the '849 and '183 Patents. Zillow Premier Agent is also, however, accused of infringing one or more of the five patents-in-suit in Case No. C20-1130. Bearing these observations in mind, the parties are DIRECTED to indicate whether Case No. 20-851 may be bifurcated in one or more of the following ways:

> (i)   **Phases of Litigation**
>
> > (A)   **Phase One - Option 1**:  resolving the claims and counterclaims involving the '183 Patent (Haas), which is the only patent that all six Zillow systems are accused of infringing;
> >
> > (B)   **Phase One - Option 2**:  resolving the claims and counterclaims involving the three Zillow systems (*i.e.*, Zillow Group Media, Zillow Offers, and Zillow Promoted Communities) accused of infringing only three patents (one of which is the '183 Patent); or
> >
> > (C)   **Phase One - Option 3**:  the parties are encouraged to propose additional, viable ways of sequencing the myriad claims, counterclaims, and issues in this case, including bifurcating between the consumer-facing and business-facing Zillow systems[1] and/or between liability and damages; and
>
> (ii)   **Zillow Premier Agent**:  separating the claims and counterclaims involving Zillow Premier Agent from Case No. C20-851 and joining them into Case No. C20-1130.

> (b)   **Claim Construction**:  The prior Joint Status Report reflects substantial disagreement between the parties concerning the number of patent

---

[1] In the Joint Status Report filed on July 17, 2020, IBM asserted that bifurcating between the consumer-facing systems (Zillow Mobile Apps and Zillow Website) and the business-facing products (Zillow Group Media, Zillow Offers, Zillow Promoted Communities, and Zillow Premier Agent) would "lead to repeatedly evaluating the same overlapping functionality" because the "two kinds of products are so intertwined." JSR at 15:9-11 (docket no. 118 in C20-851). Three of the business-facing products (namely, those listed in Paragraph 5(a)(i)(A)), are alleged to violate only three of the patents-in-suit, whereas both consumer-facing systems are alleged to violate all seven patents-in-suit. IBM is DIRECTED to provide more specificity concerning why bifurcating between the consumer-facing and business-facing products is not feasible or efficient.

claim terms they wish to ask the Court to construe pursuant to *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995), *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005), and their progeny.  The parties are ADVISED as follows.  When patent claim terms are sufficiently clear to permit the trier of fact to perform its work, the Court will not engage in further analysis or attempt to rephrase, rewrite, or otherwise alter the language that has received the United States Patent and Trademark Office's imprimatur.  *See Maxill Inc. v. Loops, LLC*, 2019 WL 3028056 at \*2 & n.5 (W.D. Wash. July 10, 2019); *Ironburg Inventions Ltd. v. Valve Corp.*, 2018 WL 2735351 at \*5 (W.D. Wash. June 7, 2018); *Nat'l Prods. Inc. v. Belkin Int'l, Inc.*, 2017 WL 3084435 at \*7 (W.D. Wash. July 18, 2017); *G3 Genuine Guide Gear Inc. v. Marker Deutschland GmbH*, 2016 WL 4473120 at \*9 (W.D. Wash. Aug. 25, 2016).  The limit set forth in Local Patent Rule 132(c) shall apply unless a party seeking to have the Court construe more than ten patent claim terms makes a strong showing, in the Joint Status Report required by this Paragraph 5, that more than ten individual words within the seven patents-in-suit should be assigned other than their "ordinary and customary" meanings.[2]

(c)     **Claim Construction Scheduling**:  The parties shall indicate in their forthcoming Joint Status Report when they will be prepared to file, in Case No. C20-851, the Joint Claim Construction and Prehearing Statement described in Local Civil Rule 132.  With respect to Case No. C20-1130, the parties shall propose deadlines for the disclosures and exchanges required by Local Civil Rules 120, 121, 130, and 131, as well as the Joint Claim Construction and Prehearing Statement described in Local Civil Rule 132.

(d)     **Patentability**:  The parties shall address:  (i) which, if any, patent claims are subject to challenge under 35 U.S.C. § 101; (ii) whether any of the patent claims identified in answer to Paragraph 5(d)(i) contain terms as to which other than a dictionary definition should be ascribed and, if so, what are those meanings; (iii) whether, with respect to any of the patent claims identified in answer to Paragraph 5(d)(i), the § 101 inquiry involves a factual dispute and, if so, what is the nature of the factual dispute; (iv) what materials, if any, other than the

---

[2] During the video conference, counsel for Zillow referenced a need to perform a means-plus-function analysis pursuant to 35 U.S.C. § 112; however, only two of the patents-in-suit (namely, the '443 and '389 Patents) use the word "means" within a claim, and IBM alleges infringement of only one independent means-plus-function style claim, namely Claim 12 of the '389 Patent. Claim 12 of the '389 Patent employs the word "means" six separate times, and even if the parties had disputes regarding the corresponding structure, material, or act for each phrase containing the word "means," the Court would not be required to construe more than ten claim terms.  The Court recognizes that dependent Claims 13, 14, 15, and 16 also include "means" limitations, but the parties are encouraged to consider and propose approaches that will streamline the claim construction process, including phasing the interpretation of independent and dependent claims.

MINUTE ORDER - 4

patents and prosecution history, must be considered in any § 101 analysis; and (v) which, if any, Supreme Court and/or Federal Circuit decisions discuss the patentability of claims similar to those identified in answer to Paragraph 5(d)(i). *See Align Tech., Inc. v. 3Shape A/S*, Nos. 17-cv-1646-LPS, 17-cv-1647-LPS, & 18-cv-1949-LPS (D. Del. filed Mar. 6, 2019) (Section 101 Motions Pre-Hearing Checklist).  In the prior Joint Status Report, IBM resisted the concept of resolving patentability before Zillow would be required to respond to outstanding discovery requests, but it provided no specific arguments in support of its position.  *See* JSR at 8:2-8 (docket no. 118 in C20-851).  IBM is DIRECTED to show cause, either in the forthcoming Joint Status Report or in the brief permitted by Paragraph 6, below, why the Court should not address patentability, either in advance of or in conjunction with claim construction, as to one or more of the patents-in-suit in Case No. C20-851[3] and/or Case No. C20-1130, and prior to any disclosure by Zillow of its source code or other technical or financial information.

   (e) **Indefiniteness**:  The parties shall address:  (i) whether any challenges to the validity of specific patent claims on the ground of indefiniteness should be considered in advance of, in conjunction with, or subsequent to claim construction, and (ii) whether the parties should provide separate briefing regarding indefiniteness or incorporate their arguments on the subject in their claim construction materials.

   (f) **Tutorial**:  The parties are DIRECTED to further meet and confer concerning how a video-recorded technology tutorial of reasonable duration can be provided to the Court.

   (g) **Court-Appointed Expert**:  Although the Court anticipates designating one or more individuals to serve as an expert pursuant to Federal Rule of Evidence 706, upon further reflection, the Court concludes that directing the parties to propose, in their Joint Status Report, three FRE 706 candidates was premature.  The parties are instead DIRECTED to meet and confer and to provide

---

[3] Even if bifurcation of the claims and counterclaims involving the '183 Patent is not appropriate, the '183 Patent appears to be the ideal "bellwether" for a § 101 analysis.  Because all six Zillow systems are accused of infringing the '183 Patent, if that patent passes muster under § 101, then discovery could proceed as to all of the accused products in Case No. C20-851.  On the other hand, if the '183 Patent fails the patentability test, then one or more of the remaining patents-in-suit could be evaluated under § 101, for example the '389 and '789 Patents, which five of the six Zillow systems are accused of infringing.  If one or both of those patents survived the § 101 analysis, then IBM would be entitled to discovery as to all Zillow products in Case No. C20-851 other than Zillow Premier Agent, which is not accused of infringing either the '389 or the '789 Patent.  In contrast, if Zillow prevails on the initial § 101 challenges, the claims and counter-claims involving Zillow Group Media, Zillow Offers, and Zillow Promoted Communities could be dismissed, and the scope of discovery could thereby be narrowed.

in their forthcoming Joint Status Report a proposal concerning how the FRE 706 expert or experts might best be selected.

(6)     With respect to the issues outlined in Paragraph 5 or any other matter on which the parties wish to elaborate, the parties may, but are not required to, file, on or before August 20, 2020, briefs not to exceed ten (10) pages in length per side.

(7)     Until further order, the parties shall not file any motions in either of these cases without leave of the Court, except that Zillow may file a responsive motion in lieu of a responsive pleading in Case No. C20-1130.

(8)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 30th day of July, 2020.


                                        William M. McCool
                                        Clerk


                                        s/Karen Dews
                                        Deputy Clerk

MINUTE ORDER - 6